Alan R. Ackerman, Esquire (AA9730)
LAW OFFICES OF ALAN R. ACKERMAN
1719 Route 10 East, Suite 106
Parsippany, NJ 07054
(973) 898-1177
araesq@alanackermanlaw.com

John P. Fuller, Esquire, *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
jpf@fullerfuller.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| **DENNIS MAURER, Individually,** : | |
| : | |
| **Plaintiffs,** : | **Case No.:** |
| vs. : | **1:19-cv-14612-RMB-AMD** |
| : | |
| **BB&T BANK (BRANCH BANKING AND** : | |
| **TRUST COMPANY), a Foreign Corporation,** : | |
| : | |
| **Defendant(s).** : | |
| _____/ | |

**FIRST AMENDED COMPLAINT**

Plaintiff, DENNIS MAURER, Individually, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, BB&T BANK (BRANCH BANKING AND TRUST COMPANY), a Foreign Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the New Jersey Law Against Discrimination (N.J.S.A.).

**COUNT I
VIOLATION OF TITLE III OF THE
AMERICANS WITH DISABILITIES ACT, 42 USC § 12181,** *et seq.*

1. Plaintiff, Dennis Maurer, is an individual residing at 8 Prospect Ave., Egg Harbor Township, NJ 08234, in the County of Atlantic.

2. Defendant's properties, BB&T Bank, are located at:

BB&T Bank
2106 New Road, Suite B1
Linwood, NJ 08221

BB&T Bank
464 Wheat Road
Vineland, NJ 08360

BB&T Bank
2302 N Delsea Drive
Vineland, NJ 08360

BB&T Bank
20 W Chestnut Avenue
Vineland, NJ 08360

BB&T Bank
1748 S Lincoln Avenue
Vineland, NJ 08361

BB&T Bank
901 N 2nd Street
Millville, NJ 08322

3. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendant's properties are located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. <u>See</u>, *also,* 28 U.S.C. § 2201 and § 2202.

5. Plaintiff DENNIS MAURER is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Maurer has multiple sclerosis and is mobility impaired, and uses a wheelchair for mobility. Dennis Maurer has visited the subject properties which form the basis of this lawsuit and plans to return to the subject properties in the near future to avail himself of the goods and services offered to the public at the properties. The Plaintiff has encountered architectural barriers at the subject properties, which have limited his

access to the Defendant's properties, and to the goods, services, facilities, privileges, advantages, and accommodations offered at Defendant's properties. The ADA violations and barriers to access at these banks are more specifically set forth in this Complaint. The barriers to access at the properties have endangered his safety.

6. Dennis Maurer, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the properties as described, but not necessarily limited to the allegation in paragraph 8 of this Complaint. Plaintiff has reasonable grounds to believe that others will continue to be subjected to discrimination in violation of the ADA by the Defendant. Dennis Maurer desires to visit the subject BB&T Bank locations not only to avail themselves of the goods and services available at the properties, but to assure himself that the subject properties are in compliance with the ADA so that he and others similarly-situated will have full and equal enjoyment of the properties, without fear of discrimination.

7. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

8. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). Preliminary inspections of the BB&T Banks properties have shown that violations exist. These violations that Dennis Maurer has personally observed or encountered include, but are not limited to:

### Parking and Exterior Accessible Route

a) Parking spaces throughout BB & T Banks are not maintained, are not located on the closest available accessible route and lack adequate access aisles, violated Sections 502 and 502.4 of the 2010 Accessibility Standards. These conditions prevent Mr. Maurer and those in wheelchairs to access BB & T Bank freely and safely.

b) Curb ramps at BB & T Banks contain changes of level and slopes/cross slopes beyond the limits, violating Sections 406 and 502.7 of the 2010 Accessibility Standards. These conditions presented a risk of damage to Mr. Maurer's wheelchair and created a safety hazard.

c) The exterior accessible route at the majority of the inspected BB & T Banks contains cross slopes and abrupt changes of level, violating Sections 402 and 403.4 of the 2010 Accessibility Standards. These conditions presented a tipping hazard for Mr. Maurer and created a hazard to his safety.

d) BB & T Banks fail to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. This is a common feature at all of the inspected BB & T Banks. The lack of an accessible route to the sidewalk and bus stops eliminated access for Mr. Maurer.

### Access to Goods and Services

e) Entering BB & T Banks is impeded by slopes and abrupt changes of level beyond limits, violating Section 404 of the 2010 Accessibility Standards. Mr. Maurer at some banks requires assistance to enter.

f) Counters and writing surfaces throughout BB & T Banks are mounted beyond the reach of Mr. Maurer and others in wheelchairs, violating Sections 308 and 901, 904 of the 2010 Accessibility Standards. This is a common feature at all inspected BB & T Banks. Mr. Maurer requires assistance at counters and writing surfaces. Mr. Maurer on numerous occasions was embarrassed due to the lack of equivalent facilitation at BB & T Bank Counters.

### Restrooms

g) BB& T was unclear on policies and procedures regarding restrooms for disabled use.

### Maintenance

h) The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 C.F.R. §36.211.

9. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

10. The discriminatory violations described in paragraph 8 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff, and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

11. Defendant has discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R 36.302 *et seq*. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual

with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

13. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter BB&T Bank to make its facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a)  The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

b)  Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c)  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d)   Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

## COUNT II
## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION

17.    Plaintiff re-alleges all prior obligations as if fully set forth herein. Plaintiff repeats the allegations contained in all of the proceeding paragraphs.

18.    Defendant's facility is a place of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination).

19.    New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right. (See, N.J.S.A. 10:5-4.)

20.    As a result of the aforementioned discrimination, Plaintiff Dennis Maurer has sustained, inconvenience, emotional distress, mental anguish and suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Dennis Maurer demands judgment for damages, injunctive relief, attorneys' fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 1st day of August, 2019, a true and correct copy of the foregoing has been forwarded via Regular U.S. Mail to counsel for Defendant: Christopher

8

T. Cognato, Esq., cognatoc@ballardspahr.com; Meredith Swartz Dante, Esq., dantem@ballardspahr.com; Ballard Spahr LLP, 1735 Market Street, 51st Floor, Philadelphia, PA 19103.

Date: August 1, 2019                                    Respectfully Submitted,

_____
Alan R. Ackerman, Esquire (AA9730)
LAW OFFICES OF ALAN R. ACKERMAN
1719 Route 10 East
Parsippany, NJ 07054
Ph: (973) 898-1177
Fax: (973) 898-1230
Email: araesq@alanackermanlaw.com

John P. Fuller, Esquire, *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Ph: (305) 891-5199
Fax: (305) 893-9505
Email: jpf@fullerfuller.com

*Counsel for Plaintiff Dennis Maurer*